**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Leandre Martell,

               Plaintiff,

    v.

District Attorneys Office, et al.,

               Defendants.

Case No. 2:21-cv-02116-GMN-BNW

**Order and Report and Recommendation**

     Pro se plaintiff Leandre Martell brings this civil-rights case under 42 U.S.C. § 1983 against Deputy District Attorney Brandon Albright and Deputy Public Defender Matthew Stromenger. He sues these defendants in their official and individual capacity. He seeks the ability to withdraw his guilty plea and/or monetary damages.

     Martell moves to proceed *in forma pauperis*. ECF No. 1. Martell submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Martell's request to proceed *in forma pauperis,* therefore, will be granted. The court now screens Martell's complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915(e)(2).

I.    **Analysis**

    **A.  Screening Standard**

     Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only

1  dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of

2  his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir.

3  2014) (quoting *Iqbal*, 556 U.S. at 678).

4       In considering whether the complaint is sufficient to state a claim, all allegations of

5  material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*

6  *Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

7  Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff

8  must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S.

9  544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

10 Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se

11 plaintiff should be given leave to amend the complaint with notice regarding the complaint's

12 deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

13      **B.  Plaintiff's Allegations**

14      Martell alleges that his due process rights were violated when the deputy district attorney

15 and his deputy public defender negotiated an offer that was ultimately not upheld. It appears the

16 offer contemplated he would receive credit for the time spent incarcerated, but that credit was not

17 applied to the sentence. It is not clear whether this was as a result of the court imposing a

18 different sentence or because the facility where he is incarcerated computed the sentence in a

19 manner that was not consistent with the agreement he believed he signed.

20      In addition, he alleges his due process rights were violated when he received inadequate

21 representation from Deputy Public Defender Stromenger, because he "allowed or didn't argue

22 with tampered evidence being admissible." ECF No. 1-1 at 5. He explains he was not satisfied

23 with the representation he received and that he requested a new attorney, but the request was

24 denied.

25      Lastly, he claims his due process rights were violated due to the conditions of his

26 confinement. He explains that the way the prison computed his sentence resulted in him not doing

27 time in "better conditions of confinement."

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### C.  Screening

Title 42 U.S.C. § 1983 provides that "[e]very person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." Section 1983 does not create any substantive rights but provides a method for enforcing rights contained in the Constitution or federal statutes. *Crowley v. Nev. ex. rel. Nev. Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quotation omitted). Martell's complaint appears to seek relief for alleged violations of his Sixth, Eighth, and Fourteenth Amendment rights.

#### a.  Claims Against the Deputy District Attorney

Plaintiff's claims against the deputy district attorney are barred by the doctrine of prosecutorial immunity. Such immunity protects eligible officials when they are acting pursuant to their official role as advocates performing functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 124-26 (1997). Such immunity applies regardless of allegations of malice, bad faith, or conspiracy. *See Ashelman v. Pope*, 793 F.2d 1072, 1077-78 (9th Cir. 1986) (en banc). Plaintiff's claims against the prosecutor appears to be premised on allegations that he did not follow the parties' plea agreement.[1] However, the prosecutor was acting pursuant to his official role, performing a function intimately associated with the judicial phase of the criminal process. Thus, such allegations cannot form the basis of a claim considering the prosecutorial immunity that this attorney holds. As a result, the court recommends that the claim against the Deputy District Attorney be dismissed with prejudice.

---

[1] As mentioned earlier, it is not entirely clear who failed to follow the agreement Plaintiff believed he entered (the attorneys, the court, or the prison who computed the sentence).

**b. Claims Against the Deputy Public Defender Stromenger**

It appears that Plaintiff is attempting to seek relief for a Sixth Amendment ineffective assistance of counsel claim—both based on the allegation that the sentence he received was different from that to which he agreed and based on the claim that certain evidence should not have been admitted.

First, Mr. Stromenger's status as criminal defense attorney precludes a finding that he was acting under color of state law. *West v. Atkins*, 487 U.S. 42, 50 (1988); *Polk Cnty. v. Dodson*, 454 U.S. 312, 317–18 (1981). Moreover, Plaintiff's ineffective assistance of counsel claim is not properly brought as a Section 1983 claim but must be brought in a habeas corpus petition under 28 U.S.C. 2254, which addresses "a person in custody pursuant to the judgment of a State court . . . on the grounds that he is in custody in violation of the Constitution or laws . . . of the United States." Specifically, Section 2254 is the mechanism for bringing an ineffective assistance of counsel claim. *Ruffa v. McDaniel*, No. 2:09-cv-02258-KJD-PAL, 2010 WL 4703609, *1, 4 (D. Nev. Nov. 10, 2010) ("The Antiterrorism and Effective Death Penalty Act . . . at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition . . . alleg[ing] that [petitioner's] conviction and/or sentence is unconstitutional based on the violation of his Sixth Amendment right to effective assistance of counsel."). As a result, the court recommends that the claims against Mr. Stromenger be dismissed with prejudice.

**c. Conditions of Confinement Claim**

The "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, "[p]rison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). When determining whether the conditions of confinement meet the objective prong of the Eighth Amendment analysis, the court must analyze each condition separately to determine whether that specific condition violates the Eighth Amendment. *See Wright v. Rushen*, 642 F.2d 1129, 1133 (9th Cir. 1981). As to the

subjective prong of the Eighth Amendment analysis, prisoners must establish prison officials' "deliberate indifference" to the unconstitutional conditions of confinement to establish an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The Court finds that Plaintiff fails to state a colorable conditions of confinement claim. While not entirely clear, it appears the complaint alleges a constitutional violation based on having been classified in a manner contrary to the terms of his plea agreement. Assuming the court understands the complaint, these allegations do not support that Plaintiff has been denied adequate shelter, food, clothing, medical care, personal safety, or sanitation.

Lastly, it bears noting that a prisoner does not have a right to a particular classification or custody level under the Due Process Clause. *See Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007) (concluding California prisoner does not have liberty interest in residing at a level III prison as opposed to level IV prison); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir.1987) ("'[A] prisoner has no constitutional right to a particular classification status.'") (*quoting Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)).

Given that Plaintiff's conditions of confinement claim is not entirely clear, the court will dismiss this claim without prejudice and with leave to amend. The court advises Plaintiff that if he wishes to amend his complaint, he must (1) be clear as to exactly what he is alleging constitutes unconstitutional conditions of confinement and (2) name the appropriate defendant for this claim.

**D.  Conclusion**

Plaintiff is given leave to amend his complaint only regarding his conditions of confinement claim. If he chooses to amend his complaint, **he must carefully look at the analysis above regarding the Eighth and Fourteenth Amendment claims in drafting the next complaint**. Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, if Plaintiff files an amended complaint, each claim and the involvement of each defendant must be alleged sufficiently. The court cannot refer to a prior pleading or to other documents to make Plaintiff's amended

complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

Additionally, the Court is not prohibiting Plaintiff from filing a habeas petition (in a separate case) that challenges his confinement or its duration.

**IT IS THEREFORE ORDERED** that Martell's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Martell will not be required to pay the filing fee in this action. Martell is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and separately file Martell's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send Plaintiff copies of an inmate, Section 1983 form complaint and a blank 28 U.S.C. § 2254 habeas corpus form, and instructions for the same.

**IT IS FURTHER ORDERED** that if Plaintiff choses to amend his complaint in this case, he must do so by March 29, 2022.

**IT IS RECOMMENDED** that the claims against Deputy District Attorney Brandon Albright and Deputy Public Defender Matthew Stromenger be dismissed with prejudice.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: February 22, 2022

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE